UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| KM ALLIED OF NAMPA, LLC, | ) | Case No. 10-03056-TLM |
| | ) | |
| Debtor. | ) | Chapter 11 |
| _____ | ) | |

### MEMORANDUM OF DECISION
_____

**BACKGROUND AND FACTS**

KM Allied of Nampa, LLC ("Debtor") filed a voluntary petition for chapter 11 relief on September 17, 2010, commencing this case. It was and is represented by attorneys Bauer & French ("Counsel").

On September 17, 2010, Counsel filed a Rule 2016(b) disclosure indicating that it had received $9,000 prior to the filing of the case, of which $1,039.00 was used to pay Debtor's filing fee, and $7,961.00 of which was a "minimum" attorney fee. Doc. No. 3. The same date, Debtor filed an application for approval of Counsel's employment under § 327(a). Doc. No. 4 ("Application"). Attorney Randal J. French, for Counsel, filed a verified statement as required under Fed. R. Bankr. P. 2014(a). Doc. No. 5 ("Verified Statement"). The Application said nothing about the terms of employment, other than noting the hourly rates of the

MEMORANDUM OF DECISION - 1

attorneys in Counsel's office. However, in the Verified Statement Mr. French indicated that "On June 6, 2010, I received $9,000 from the Debtor for this chapter 11. I have applied $7,961.00 as a minimum fee for my services in this chapter 11." *Id.* at 2. Counsel further there stated "I have no funds in trust." *Id.* This necessarily connotes that all of the $7,961.00 was applied to pre-petition services and exhausted.

On October 12, 2010, the Office of the United States Trustee ("UST") filed a "limited objection" to the Application, Doc. No. 14 ("Objection"), noting that no fee agreement between Debtor and Counsel was attached to the Application, and that there was no explanation of the draws against the retainer paid Counsel. *Id.* at 2 (citing L.B.R. 2014.1(a)(1)).[1] The UST argued that the Application should not be considered by the Court until the requirements of the Local Rule were met.

No further filings were made in connection with the Application for some six months. On April 28, 2011, Counsel filed a "supplement" to the Application. Doc. No. 48 ("Supplement"). That Supplement clarifies that all of the $9,000 paid on June 11 (not June 6 as asserted in the Verified Statement) was deposited into Counsel's general business account. Further, it states that between June 7 and September 17 (the petition date), services totaling $6,831.50 were rendered, and

---

[1] Local Bankruptcy Rule 2014.1(a)(1) states: "If there is a retainer, the application shall disclose all pre-petition fees and expenses drawn down against the retainer, and any written retainer agreement shall be attached to the application."

MEMORANDUM OF DECISION - 2

that after deduction of that amount, the $1,039.00 filing fee and a $30.00 fee to the Secretary of State, $1,129.50 remained (and not $0 as set forth in the Verified Statement).

The Supplement also explains that there was no pre-bankruptcy fee agreement. It attaches, however, a March 28, 2011 fee agreement. That agreement recites the same dates and amounts of payment as just noted. It also characterizes the $1,129.50 as "applied as an Advance Payment Retainer." *Id.* at 4. The text of the Supplement indicates that Counsel applied, post-petition, the $1,129.50 toward post-petition services, thus exhausting it, and thereafter incurred another $7,179.00 in unpaid fees as well. *Id.* at 2.

## DISCUSSION AND DISPOSITION

This Court has recently evaluated Counsel's suggested approach to retaining and paying for chapter 11 bankruptcy counsel. *See In re Leslie and Terriann Danner*, Case No. 11-00651-TLM, Doc. No. 45 (Mem. Dec. May 26, 2011). For the reasons stated therein, the Court rejected the attempted use of an "advance payment retainer" as a means of allowing Counsel to be employed and to obtain compensation for post-petition services without compliance with § 330 and § 331. The Court also rejected the proposition that the advance payment of fees authorized Counsel to immediately deposit such amounts in its general business or operating account as opposed to placing them in a client trust account

MEMORANDUM OF DECISION - 3

in accord with applicable requirements of the Idaho Rules of Professional Conduct.

The decision in *Danner* is incorporated herein fully by reference, and will be applied to the pending Application.[2] While there is a minor difference in the instant case because Counsel's Verified Statement refers to a "minimum fee" rather than an advance payment retainer, it is not a material distinction given the *post facto* fee agreement attached to the Supplement and the nature of the arrangement as addressed in the Supplement. The compensation structure and terms of employment upon which the Application, as supplemented, is proposed do not accord with the policies and procedures of the Code nor the Idaho Rules of Professional Conduct. Approval would therefore be inappropriate.

**CONCLUSION**

For these reasons, the Objection of the UST will be sustained, and the Application will be denied.[3] An appropriate Order will be entered.

---

[2] Because Counsel and the UST have repeatedly engaged in briefing and oral argument over the suggested approach, in *Danner* and in *In re Mac and Dianne Mayer*, Case No. 10-02238-TLM, and because the Court has deliberately and carefully considered those arguments in both these prior cases, the Court sees no reason for the Application and Objection here to be set for hearing in order to revisit those arguments.

[3] The Court does not today address the issues, previously identified by the UST, as to the failure to account for the disposition of the funds up to and including the September 17, 2010, date of filing. *See* L.B.R. 2014.1(a)(1) and discussion *supra*. Those, and related issues as to pre-petition conduct, may be raised later by appropriate pleading. Nor does the Court today address issues related to the post-petition payment, *sans* § 331 application and order, of the $1,129.50 in fees from the "retainer" amount, which are similarly matters that can be raised and addressed later
(continued...)

MEMORANDUM OF DECISION - 4

DATED: May 26, 2011



*Terry L. Myers* (signature)

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[3] (...continued)
in this case.

MEMORANDUM OF DECISION - 5